UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TYRONE YOUNG,

    Plaintiff,

v.                                    CIVIL ACTION NO. 5:23-cv-00088

WARDEN D.L. YOUNG, *et al.*,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF 45], filed July 13, 2023.

**I.**

Mr. Young instituted this action on February 6, 2023, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). The case was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on January 16, 2024. Magistrate Judge Aboulhosn recommended that the Court grant Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and remove this matter from the docket. Objections were due on February 2, 2024. Mr. Young's objections were dated February 2, 2024, and filed by the Clerk on February 6, 2024.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

*A. Objections to PF&R*

Mr. Young asserts the Defendants deprived him of his rights under the Eighth Amendment while he was resident at FCI Beckley. Specifically, he alleges the Defendants failed to provide him with a rescue inhaler between September 8, 2021, to February 18, 2022.[1] [ECF 1]. Magistrate Judge Aboulhosn found that (1) Mr. Young failed to exhaust his administrative

---

[1] Prior to being incarcerated at FCI Beckley, Mr. Young was prescribed Albuterol while at FCI McDowell on May 25, 2021. [ECF 86 at 6]. This prescription expired on August 24, 2021, while Mr. Young was still at FCI McDowell. [*Id.*]. On September 7, 2021, Mr. Young was transferred to FCI Beckley. [*Id.*]. On February 21, 2022, following hospitalization the discharging physician recommended that Mr. Young be prescribed Albuterol. [*Id.*]. That same day, Mr. Young was prescribed Albuterol and has been continuously prescribed Albuterol through May 17, 2023. [*Id.*].

2

remedies prior to filing the instant complaint, and (2) any alleged efforts to exhaust were untimely. [ECF 98 at 20–21, 25]. Importantly, Magistrate Judge Aboulhosn noted Mr. Young could have properly exhausted his administrative remedies based upon two successfully filed administrative complaints he submitted during the relevant time interval. [*Id.* at 26].

Nevertheless, Mr. Young contends the administrative process was unavailable and futile. [ECF 103]. He attaches the following to his objections: (1) email correspondence regarding the status of his BP-9 and BP-10, (2) an inmate request form to staff, (3) a rejection notice for complaint 1152874-R1, (4) a handwritten page from his BP-10, and (5) a regional administrative appeal. Lastly, he asserts the "Unit Team's [sic] in the BOP deliberately go out of there [sic] way to interfere with the process." [*Id.* at 3].

Title 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Title 28 C.F.R. § 542.14 states "[t]he deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred."

There are, however, "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, 578 U.S. 632, 643 (2016). First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or

3

navigate it." *Id.* at 643–44. Third, a process is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

The administrative process was plainly available to Mr. Young at FCI Beckley. As of June 26, 2023, he had filed twenty-eight administrative complaints. [ECF 45-1 at 7–10]. On December 8, 2021, and February 11, 2022, respectively, he filed two relating to his request that a violent history point be removed from his record. [*Id.*]. And six of the twenty-eight complaints he filed related to his medical care. [*Id.*]. Respecting his assertions he received no response regarding his BP-9, his own attached correspondence demonstrates otherwise. The warden responded to Mr. Young's February 9, 2023, email instructing him to submit his request through a BP-9. [ECF 103-1 at 7]. In sum, the administrative process was available and functioning. Further, nothing supports Mr. Young's assertion his access to the administrative remedy process was deliberately interfered with by the Unit Team in the BOP.

Accordingly, the Court **OVERRULES** Mr. Youngs's objections and **ADOPTS** the PF&R [ECF 98].

***B. Motion to Reconsider***

Mr. Young filed a Motion to Correct ECF # 81 [ECF 97], on January 16, 2024, in which he requested that the court "correct the confusion on part of Defendants in relation to ECF 81 and 90." [*Id.*]. Mr. Young asserted ECF 81 was his "response to Defendants Reply to his 'letter motion'" and that his Response to Defendants' Motion to Dismiss was ECF 90. [*Id.*]. Magistrate Judge Aboulhosn denied Mr. Young's Motion to Correct stating that in ECF 81 "Plaintiff clearly addresses arguments asserted in Defendants' 'Motion to Dismiss, or in the Alternative, Motion for

Summary Judgment.'" [ECF 99]. Additionally, Magistrate Judge Aboulhosn concluded the relevant PF&R gave "appropriate weight to the arguments set forth in both documents." [*Id.*].

Mr. Young now seeks to revisit the aforementioned ruling in his Letter-Form Motion to Reconsider [ECF 102], filed February 5, 2024. He asserts ECF 81 only addressed arguments raised by the Defendants pertaining to that "Letter motion and the relief sought and was not intended to be construed as his 'Motion to Dismiss Response.'" The Defendants contend Mr. Young's Motion for Reconsideration and request for correction has no impact on the findings contained in the PF&R. Specifically, the Defendants assert that Magistrate Judge Aboulhosn considered both of Mr. Young's documents and the Defendants' responses in the PF&R.

Inasmuch as Magistrate Judge Aboulhosn gave appropriate weight to the arguments set forth in both documents, the Court **DENIES** Mr. Young's Letter-Form Motion to Correct.

C.  ***Letter-Form Motion to File Surreply or Amendment or, in the Alternative, for Appointment of Counsel***

Mr. Young requests permission to file a surreply or amendment to his response to the Defendant's motion to dismiss; he contends the documents enclosed with his letter-form motion support his claim of exhaustion and were not available at the time. [ECF 100]. In the alternative Mr. Young seeks the appointment of counsel as his case "has reached that era demanding professional assistance."[2] [*Id.*].

---

[2] The complexity of the case and the administrative process from which it arose are attributable in large part to Mr. Young. Mr. Young is under the misapprehension that his repetitive and multiplicitous filings somehow burnish the merits of his complaints. Quite the opposite is true. His cause would be better served by fewer, more focused filings.

Defendants contend Mr. Young should not be permitted to file a surreply, but if the Court were to permit Mr. Young to do so the documents attached to his letter-form motion do not significantly impact the PF&R.

*Local Rule of Civil Procedure* 7.1(a)(7) provides "[s]urreply memoranda shall not be filed except by leave of court." The documents produced by Mr. Young were filed after entry of Magistrate Judge Aboulhosn's PF&R. Prior to entry of the PF&R, Mr. Young was able to file two responses to Defendants' motion. Further, the attached documents do not impact the findings of Magistrate Judge Aboulhosn.

Accordingly, the Court **DENIES AS MOOT** Mr. Young's Letter-Form Motion to File Surreply or Amendment, or in the Alternative, for Appointment of Counsel [ECF 100].

### III.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 98**], **GRANTS** Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [**ECF 45**], **DENIES AS MOOT** Mr. Young's Letter-Form Motion to File Surreply or Amendment or, in the Alternative, for Appointment of Counsel **[ECF 100]**, **DENIES** Mr. Young's Motion to Reconsider [**ECF 102**], **DISMISSES** the Complaint [**ECF 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER:   March 8, 2024



Frank W. Volk
United States District Judge