UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TYRONE YOUNG,

    Plaintiff,

v.                                                   CIVIL ACTION NO. 5:23-cv-00088

WARDEN D.L. YOUNG, *et al.,*

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Tyrone Young's (1) Motion for Leave to Supplement 42 U.S.C. 1983, [Doc. 115], filed September 24, 2024, (2) Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend, [Doc. 116], filed October 7, 2024, (3) Mr. Young's Motion to Appoint Counsel, [Doc. 117], filed October 11, 2024, and (4) Additional Documentation in support of Mr. Young's Motion for Leave to Supplement Complaint, [Doc. 118], filed October 11, 2024.

**I.**

Mr. Young instituted this action on February 6, 2023, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). [Doc. 1]. The case was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 2]. Magistrate Judge Aboulhosn filed his PF&R on January 16, 2024. [Doc. 98]. Magistrate Judge Aboulhosn recommended that the Court grant Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and remove this matter from the docket. Objections were due on February

2, 2024. Mr. Young's objections were dated February 2, 2024, and filed by the Clerk on February 6, 2024. [Doc. 103].

The Court entered a Memorandum Opinion and Order, [Doc. 110], adopting the Proposed Findings and Recommendation, granting Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, on March 8, 2024. In the same order, the Court also denied as moot Mr. Young's Letter-Form Motion to file Sur-reply or Amendment, or in the Alternative Motion for Appointment of Counsel, dismissed the Complaint, and dismissed the matter from the docket. [*Id*.].[1]

On August 15, 2024, the Clerk of Court received an empty envelope from Mr. Young. [Doc. 114].

On September 24, 2024, Mr. Young filed a Motion for Leave to Supplement 42 U.S.C. 1983 [Doc. 115]. He provides that he can "'cure' substantive and procedural deficiencies within the integrity of his 1983 Bivens complaint." [*Id*. at 1]. The motion included the following attachments: (1)Affidavit of Angelo Pinney, (2) Affidavit of Qydaris Small, (3) Affidavit of Joshean Stokes, (4) Affidavit of Detrez Timmons, (5)Affidavit of Tyrone Young, (6) Reference Guide for Exhibits, (7) Exhibit A(1), (8) Exhibit B(1)-(3), (9) Exhibit C(1)-N(4), (10) Exhibit O (1)-(2), (11) Exhibit O(3) – P(3), (12) Exhibit Q(1)-S(2), (13) Exhibit S(3), (14) Exhibit T(1), (15)

---

[1] On March 18, and March 19, 2024, a notification of "Mail Returned as Undeliverable" was filed denoting that the Memorandum Opinion and Order [Doc. 110], and Judgment Order [Doc. 111] sent to Mr. Young at FCI Beckley was returned. Specifically, the mail was not resent because no current address was available. [Docs. 112, 113]. Mr. Young is obliged to keep the Court informed of his current mailing address.

Exhibit U(1)-X(1), (16) Exhibit Y(1) – Z(2), (17) Exhibit R(1) – AA(2), (18) BB-BB(2), (19) Exhibit CC, (20) Exhibit DD-EE, (21) Exhibit FF-GG, and (22) Envelope.[2]

## II.

Pursuant to *Federal Rule of Civil Procedure* 60(b) a court may relieve a party from an adverse judgment if the party shows either: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The sixth "catchall" provision is "invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

## III.

It has been consistently recognized that a "district court may not grant [a] post-judgment motion [to amend] unless the judgment is vacated pursuant to Rule 59(e) or 60(b)." *Daulatzai v. Maryland,* 97 F.4th 166, 176 (4th Cir. 2024) (*quoting Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)). More specifically, if an action is dismissed and a final judgment entered,

---

[2] Inasmuch as the Motion for Leave to Supplement 42 U.S.C. 1983, [Doc. 115], contained voluminous personal records, including sensitive non-redacted information, the Court provisionally sealed the Motion and attachments. The Court **ORDERS** the subject Motion [**Doc. 115**] and related exhibits remain **SEALED** pursuant to *Federal Rule of Civil Procedure* 5.2(a), which authorizes the filing of documents under seal without redaction. The Court notes that the medical records include date of birth, confidential materials, and otherwise sensitive information not suitable for public disclosure.

3

"there is no pending complaint to amend." *Calvary Christian Ctr. v. City of Fredericksburg, Va.*, 710 F.3d 536, 540 (4th Cir. 2013). Thus, in order "[t]o proceed with a different complaint than that filed originally, a plaintiff can either open the judgment under Rule 60 and then file a motion to amend or commence a new action." *Id.*

Here, similar to *Calvary Christian Ctr.*, the Court cannot grant the request for leave to amend the complaint that Mr. Young seeks inasmuch as (1) his complaint has been dismissed by a final judgment and (2) he has not sought to open or vacate the judgment. Because Mr. Young is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 -21, (1972). In the event the Court applied a Rule 60(b) analysis, however, it would extend the liberal construction past the breaking point, inasmuch as Mr. Young only addresses Rule 15(a)(2) and omits any reference to, or rationale under, Rule 60(b) in his request for leave. To the extent that Mr. Young alleges his delay in amending his complaint was due to "unstable medical conditions" and "his retaliatory transfer he suffered because of these enlisted defendants on 10/5/2023," neither of these claims rise to the level of asserting a cognizable request for relief under Rule 60(b)(1)-(6).

## IV.

Based on the foregoing discussion, Mr. Young's Motion for Leave to Supplement 42 U.S.C. 1983 [**Doc. 115**] is **DENIED** and his Motion to Appoint Counsel [**Doc. 117**] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to all counsel of record and to any unrepresented party.

ENTER: November 15, 2024

Frank W. Volk
Chief United States District Judge

4