UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TYRONE YOUNG,

    Plaintiff,

v.                                          CIVIL ACTION NO. 5:23-cv-00088

WARDEN D.L. YOUNG, *et al.,*

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Tyrone Young's (1) Letter-Form Motion to Vacate, [ECF 120], filed December 6, 2024, (2) Motion Pursuant to Rule 60(B)(1), [ECF 121], filed on the same date, and (3) Motion to Amend, [ECF 122], filed February 25, 2025. The Defendants did not reply. This matter is ready for adjudication.

### I.

Mr. Young instituted this action on February 6, 2023, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). [ECF 1]. The case was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [ECF 2]. Magistrate Judge Aboulhosn filed his PF&R on January 16, 2024. [ECF 98]. Magistrate Judge Aboulhosn recommended that the Court grant Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and remove this matter from the docket. Objections were due on February 2, 2024. Mr. Young's objections were dated February 2, 2024, and filed by the Clerk on February 6, 2024. [ECF 103].

The Court entered a Memorandum Opinion and Order, [ECF 110], adopting the Proposed Findings and Recommendation, granting Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, on March 8, 2024. In the same order, the Court also denied as moot Mr. Young's Letter-Form Motion to file Sur-reply or Amendment, or in the Alternative Motion for Appointment of Counsel, dismissed the Complaint, and dismissed the matter from the docket. [*Id*.].

On August 15, 2024, the Clerk of Court received an empty envelope from Mr. Young. [ECF 114].

On September 24, 2024, Mr. Young filed a Motion for Leave to Supplement 42 U.S.C. 1983 [ECF 115]. He states he can "'cure' substantive and procedural deficiencies within the integrity of his 1983 Bivens complaint." [*Id*. at 1]. The motion included the following attachments: (1)Affidavit of Angelo Pinney, (2) Affidavit of Qydaris Small, (3) Affidavit of Joshean Stokes, (4) Affidavit of Detrez Timmons, (5)Affidavit of Tyrone Young, (6) Reference Guide for Exhibits, (7) Exhibit A(1), (8) Exhibit B(1)-(3), (9) Exhibit C(1)-N(4), (10) Exhibit O(1)-(2), (11) Exhibit O(3) – P(3), (12) Exhibit Q(1)-S(2), (13) Exhibit S(3), (14) Exhibit T(1), (15) Exhibit U(1)-X(1), (16) Exhibit Y(1) – Z(2), (17) Exhibit R(1) – AA(2), (18) BB-BB(2), (19) Exhibit CC, (20) Exhibit DD-EE, (21) Exhibit FF-GG, and (22) Envelope.

On October 7, 2024, Defendants responded. [ECF 116]. They asserted (1) *Federal Rule of Civil Procedure* 15 was not an applicable procedural vehicle, (2) even if construed as a reconsideration request under *Federal Rule of Civil Procedure* 60, "he does not offer sufficient basis to reconsider the judgment of the court," and (3) they did not have access to the sealed attachments. [*Id*. at 1-2].

On October 11, 2024, Mr. Young filed (1) a Motion to Appoint Counsel, [ECF 117], and (2) additional documentation in support of his motion for leave. [ECF 118].

On November 15, 2024, the Court entered a Memorandum Opinion and Order denying Mr. Young's Motion for Leave to Supplement the 42 U.S.C. 1983 [ECF 115] and his Motion to Appoint Counsel [ECF 118]. The Court provided it could not grant the request for leave to amend the complaint that Mr. Young seeks because his complaint has been dismissed by a final judgment and did not seek to open or vacate the judgment. [*See generally* ECF 119].

On December 6, Mr. Young filed a Second Letter Motion to Vacate. [ECF 120]. He asserts a variety of obstacles regarding his original filing of his request to vacate the judgment. Specifically, he requests the Court consider the motion "when filed the first time on August 5, 2024, because it was deposited pursuant to the mailbox rule." [*Id*. at 3].

On the same date, Mr. Young filed a Letter-Form Motion Pursuant to Rule 60(B)(1). [ECF 121]. He "contends this Court's final order is premised upon a mistake of fact in relation to the day plaintiff first sought to fully exhausted his administrative remedy claim after waiting months to receive medical records as well as affidavits notwithstanding the extended delay on part of FCI Beckley in relation to continuous lockdown. . ." [*Id*. at 1]. He asserts the Court's "main focus of denying [his] Bivens complaint relied upon him not exhausting his administrative remedies in a manner that would have resulted in a timely appeal." [*Id*. at 3]. Mr. Young asserts this equates to a mistake of fact "because the date that was asserted by Plaintiff is not the date in which evidence supported. By correcting the defect, the Court would ensure that final judgments contain 'accurate' and 'correct' information. . ." [*Id*. at 4]. He requested the Court incorporate the Exhibits filed in ECF 115 into the instant motion. [*Id*.].

3

On February 25, 2025, Mr. Young filed a Motion to Amend his Rule 60(B)(1) motion to include (1) affidavit of Delvon Brown, (2) affidavit of Keshawn Taylor, (3) Exhibit A – Assistance §542.16, and (4) Sample form for Request for Administrative Remedy, Informal Resolution Form. He reiterates his belief the Court "was 'mistaken' and so, the Court will find that the administrative remedy process was in fact unavailable to Plaintiff. The Wardens Office 'failed' to ensure that assistance was available to Plaintiff by re-assigning another staff member with preparing and processing his appeal." [*Id*. at 1]. Mr. Brown's affidavit provided a variety of assertions, but mainly: (1) he witnessed counselor Milam refuse to give Mr. Young administrative remedies or would refuse to turn them in, (2) Mr. Young received a rejection notice on November 23, 2022, (3) he watched Mr. Young receive assistance from unit manager, Ms. Stennett, and be taken into the area where complaints were received, (4) Mr. Young told Mr. Brown he mailed a letter to the regional office, around the end of December 2022, (5) he watched Mr. Young, on November 11, 2022 at 3:00 p.m. resubmit his Bp-q complaint to Ms. Stennett, (6) he was with Mr. Young when he provided to Warden, Ms. Heckard, that the "unit team again lost his administrative remedies" and Ms. Stennett was called over and she "also confirmed that [Mr. Young] was telling the truth because she submitted them", and (6) Mr. Young "was direct[ed] to deliver his new administrative remedies directly to her the Warden." [*See generally* ECF 122-1].

Mr. Taylor's affidavit generally asserts the following: (1) he "over read" Mr. Young's rejection notice which he remembers two reasons, one being he could not request money and two, he "need[ed] to stick to the topic", (2) he saw Ms. Stennett assist Mr. Young with his Bivens action, (3) Mr. Young said Ms. Stennett told him she was unsure why his Bp-q was rejected and suggested someone else help him, (4) he remembers Mr. Young re-writing and resubmitting his Bp-q on November 26, 2022, (5) he saw "Milam refuse to take it", (6) Mr. Young "suffers

4

from mental health illnesses and the BOP doesn't provide the correct treatment he needs," (7) he has "seen prison officials give [Mr. Young] a hard time asking for things inmates are entitled", (8) Mr. Young read him a letter he had written to the regional office regarding not receiving a response to Bp-q from November 26, 2022, and (9) he had read a form regarding Mr. Young's chest pain, asthma, and breathing complaint in March 2023. [ECF 122-2 at 1-3].

## II.

Pursuant to *Federal Rule of Civil Procedure* 60(b) a court may relieve a party from an adverse judgment if the party shows either: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The sixth, "catchall" provision is "invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Specifically, "Rule 60(b) affords relief only from a judgment, order, or proceeding which is *final*." *Fayetteville Inv'rs v. Com. Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) (emphasis in original); *see also* Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule . . . .").

### III.

Mr. Young invokes the first prong of *Federal Rule of Civil Procedure* 60 and requests reconsideration based on "mistake." He purports "he ultimately made a mistake that affected the availability of his exhaustion period and as a result of unstable medical conditions." [ECF 121 at 2]. He alleges that regarding his Response to Show Cause [ECF 81], where he provided "November of 2022 as the 'foundation of exhaustion when actually it should have read (June 29, 2022) . . ." [*Id*.]. Considering this, he urges the Court to reevaluate the administrative exhaustion timeline in the instant matter. Specifically, Mr. Young emphasizes his belief "these facts along, with supporting affidavits would create a genuine issue of fact concerning plaintiff ability to have fully exhausted his available remedy on June 29, 2022." [*Id*. at 3].

The Prison Litigation Reform Act mandates that inmates must exhaust all available administrative remedies before initiating civil lawsuits, even if the administrative process may not provide the same relief they could achieve through civil proceedings. *See generally* 42 U.S.C. § 1997e(a). Even if Mr. Young did exhaust his claims in June 2022, he still cannot overcome his untimeliness. Mr. Young's *Bivens* action claims that his Eighth Amendment rights were violated when he was not provided a "rescue inhaler" from September 8, 2021, until February 18, 2022. [ECF 1]. As Magistrate Judge Aboulhosn noted, "an inmate must submit a formal 'Administrative Remedy Request' on a BP-9 form to an institution staff member designated to receive such Requests within 20 days after the circumstances occurred." [ECF 98 at 26 (referencing 28 C.F.R. § 542.14(a) and (c)(4))]. As the Defendants contended, and Magistrate Judge Aboulhosn highlighted, "even assuming Plaintiff fully pursued Remedy ID No. 1142043 to the Central Office level . . .Plaintiff's remedy was untimely." [*Id*. at 20]. Additionally, throughout the instant matter,

Mr. Young has asserted a variety of opposing claims regarding his attempts at exhaustion. [*Id*. at 22 (highlighting the differing accounts between Mr. Young's Complaint and his Response)].

Mr. Young grasps at addressing the gaps and insufficient evidence from his initial attempt; he has filed a similar *Bivens* action in this district, against the same defendants, regarding similar issues. *See generally Tyrone Young v. Heckard, et. al*., Civil Case No. 5:24-cv-00581, filed October 15, 2024. Inasmuch as his newly fashioned timeline herein does not move the needle, the Court **DENIES** his motion for reconsideration. [**ECF 121**].

**IV.**

Accordingly, for the foregoing reasons, the Court **GRANTS** Mr. Young's Motion for Leave to Amend [**ECF 122**], **DENIES** his Motion to Vacate the Judgment Order, [**ECF 120**], and **DENIES** Mr. Young's Motion for Reconsideration [**ECF 121**].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: April 14, 2025

Frank W. Volk
Chief United States District Judge