**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

TYRONE YOUNG,

      Plaintiff,

v.                                CIVIL ACTION NO. 5:23-cv-00088

WARDEN D.L. YOUNG, *et al.,*

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending are Plaintiff Tyrone Young's (1) Motion Pursuant to Rule 60(B)(1), (2), and (6), [ECF 149], filed February 26, 2026, (2) Letter-Form Motion to Expand or Amend the Record to Include All Affidavits filed with ECF 129 and ECF 133 Letter-Form Motions in support of his Rule 60(b) Motion, [ECF 150], filed the same day, and (3) Second Motion Pursuant to Rule 60(B)(1), (2), and (6) and Motion to Appoint Counsel, [ECF 151], filed March 6, 2026. Defendants responded in opposition to both Rule 60(b) Motions, the first of which was filed March 9, 2026, [ECF 152], followed by the second on March 19, 2026, [ECF 155]. The Letter-Form Motion to Expand or Amend the Record to Include All Affidavits filed with ECF 129 and ECF 133 Letter-Form Motions, [ECF 150], is **GRANTED**, inasmuch as it is considered herein. This matter is ready for adjudication.

**I.**

On February 6, 2023, Plaintiff Tyrone Young instituted this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [ECF 1]. On January 16, 2024, Magistrate Judge Aboulhosn entered his Proposed Findings and Recommendation. [ECF 98]. On March 8, 2024, the Court entered a Memorandum Opinion and

Order, [ECF 110], adopting the Proposed Findings and Recommendation, granting Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. In the same order, the Court also denied as moot Mr. Young's Letter-Form Motion to file Sur-reply or Amendment, or in the Alternative Motion for Appointment of Counsel, dismissed the Complaint, and dismissed the matter from the docket. [*Id.*].

On December 6, 2024, Mr. Young filed a Letter-Form Motion to Vacate the Judgment Order, [ECF 120], and a Motion to Reconsider, [ECF 121]. Mr. Young's Motion to Reconsider was premised upon "a mistake of fact in relation to the day plaintiff first sought to fully exhausted his administrative remedy claim after waiting months to receive medical records as well as affidavits notwithstanding the extended delay on part of FCI Beckley in relation to continuous lockdown . . ." [*Id.* at 1]. He asserts the Court's "main focus of denying [his] Bivens complaint relied upon him not exhausting his administrative remedies in a manner that would have resulted in a timely appeal." [*Id.* at 3]. Mr. Young contends this equates to a mistake of fact "because the date that was asserted by Plaintiff is not the date in which evidence supported. By correcting the defect, the Court would ensure that final judgments contain 'accurate' and 'correct' information . . ." [*Id.* at 4].

On February 25, 2025, Mr. Young filed a Motion for Leave to Amend Rule 60(b)(1) Motion. [ECF 122]. On April 14, 2025, the Court entered a Memorandum Opinion and Order, [ECF 123], granting Mr. Young's Motion for Leave to Amend Rule 60(b)(1) Motion, [ECF 122], and denying both Mr. Young's Motion to Reconsider, [ECF 121], and Motion to Vacate the Judgment Order, noting that Mr. Young "grasps at addressing the gaps and insufficient evidence from his initial attempt . . . . [and] his newly fashioned timeline herein does not move the needle." [ECF 123].

2

On April 24, 2025, Mr. Young filed a Notice of Appeal. [ECF 124]. He thereafter filed multiple motions: (1) Motion to Amend the Record on Appeal, [ECF 129], filed June 18, 2025, (2) Second Motion to Amend the Record on Appeal, [ECF 133], filed July 10, 2025,  (3) Motion for Leave to Supplement Complaint, [ECF 139], filed September 18, 2025, (4) Motion for Status Update, [ECF 139], filed September 18, 2025, and (5) Motion for Appointment of Counsel, [ECF 140], filed November 6, 2025.

On January 29, 2026, our Court of Appeals denied Mr. Young's Motions to Amend and Supplement the Record, [ECF 129, 133], and affirmed the District Court's April 14, 2025, order. [ECF 141]. Given the adjudication of the appeal and denial on appeal of the Motions, [ECF 141], Mr. Young's Motions to Amend the Record on Appeal, [ECF 129, 133], Motion for Leave to Supplement Complaint, [ECF 139], Motion for Status Update, [ECF 139], and Motion for Appointment of Counsel, [ECF 140], were denied as moot.

Mr. Young then filed the instant motion on February 26, 2026, which is his third motion pursuant to Rule 60(b) to vacate the prior judgment and reopen his *Biven*'s action. [ECF 149]. Mr. Young reasserts extraordinary circumstances, a mistake of fact, or both prevented his timely exhaustion of administrative remedies. [*Id.*]. Specifically, he contends his failure to exhaust was involuntary and caused by "total medical incapacity." [*Id.* at 1]. Mr. Young asserts his health issues, coupled with Defendant's deliberate indifference to his medical conditions, constitute an extraordinary circumstance or excusable neglect. [*Id.* at 2]. Mr. Young further contends administrative remedies were "unavailable" due to prison officials thwarting his ability to properly engage in the grievance process. [*Id.*]. On that same day, Mr. Young filed a Letter-Form Motion to Expand or Amend the Record to Include All Affidavits filed with ECF 129 and ECF 133 Letter-Form Motions in support of his Rule 60(b) Motion, including the following: (1) Exhibit 1 Affidavit

of Lawrence Anderson, (2) Exhibit 2 Affidavit of Jacoby Easterling, (3) Exhibit 3 Affidavit of Onzay Gibbs, (4) Exhibit 4 Affidavit of Kevin Lee, (5) Exhibit 5 Affidavit of Marquis McMeans, (6) Exhibit 6 Affidavit of Angelo Pinney, (7) Exhibit 7 Affidavit of Detrez Timmons, (8) Exhibit 8 Affidavit of Damone Lindsey, (9) Exhibit A(1) Affidavit of Charles Cunningham, (10) Exhibit A(2) Affidavit of Joshean Stokes, (11) Exhibit A(3) Affidavit of Jason Jackson, and (12) Exhibit A(4) Affidavit of Caleb Reiter.

Exhibits 1 through 8 include affidavits from Mr. Young's fellow inmates at FCI Beckley. The affidavits assert the inmates' knowledge of: (1) Mr. Young's asthma and poor physical and mental health, (2) Mr. Young's February 2022 hospitalization, (3) FCI Beckley counselors refusing to assist Mr. Young generally, (4) particular instances of FCI Beckley counselors refusing to help Mr. Young with administrative remedies, (5) general dislike towards Mr. Young from his unit at FCI Beckley, (6) inability of FCI Beckley's medical unit to resolve Mr. Young's health issues, and (7) the occurrence of consistent Covid-19 lockdowns at FCI Beckley during this general time period. [ECF 129].

Exhibits A(1) through A(4) include affidavits from Mr. Young's fellow inmates attesting to: (1) Mr. Young's asthma and poor health, (2) poor treatment toward Mr. Young from his unit in FCI Beckley, (3) FCI Beckley's reputation for poor medical care, (4) Mr. Young's hospital trip in February 2022, and (5) the occurrence of consistent Covid-19 lockdowns at FCI Beckley during the subject time period. [ECF 133].

Defendants responded in opposition on March 9, 2026, asserting Mr. Young fails to "allege, much less show, mistake, newly discovered evidence, or exceptional circumstances, and Plaintiff has already filed a separate Bivens action asserting similar claims, which is currently pending." [ECF 152].

4

On March 6, 2026, Mr. Young filed a fourth Motion pursuant to Rule 60 and a Motion to Appoint Counsel. [ECF 151]. Mr. Young contends this Court made a mistake of law and fact as to Plaintiff's timeliness in filing his appeal. Further, Mr. Young asserts he made a mistake of fact or excusable neglect when he stated he first attempted to exhaust remedies on June 29, 2022, instead of February 21, 2022. [*Id.* at 6].

Defendants replied in opposition on March 19, 2026, contending "Plaintiff does not appear to raise any substantially new arguments, but, instead, he essentially repeats prior arguments in a different format. Therefore, Defendants rely on their response to the first Rule 60 motion." [ECF 155].

## II.

Mr. Young's third and fourth Motions for Reconsideration pursuant to Rule 60(b) are based on the same assertions in his first and second Motions for Reconsideration, which have been fully considered and denied by both this Court, [ECF 123], and our Court of Appeals, [ECF 142]. Although Mr. Young asserts extraordinary circumstances rather than a mistake of fact, his underlying claims and supporting evidence remain the same. Mr. Young's only new assertion in his most recent Motion for Reconsideration, [ECF 151], was his claim he had authorization to resubmit administrative remedy requests that were destroyed or missing, citing ECF 100, 102, and 103, which this Court ostensibly failed to consider. [ECF 151]. This Court has thoroughly reviewed the record and finds no such authorization.

## III.

Accordingly, for the same reasons as relied upon in the Memorandum Opinion Denying Mr. Young's Motion to Vacate the Judgement Order and Motion for Reconsideration,

[ECF 123], Mr. Young's Motions for Reconsideration pursuant to Rule 60(b), [ECF 149 & 151] are **DENIED**.

One further observation is in order. Mr. Young characteristically files multiple motions and papers where fewer would serve the same purpose. The multiplicative filings regrettably slow the timely adjudication of his requests. The better practice would appear to be lodging his requests in a single filing. Nevertheless, the decision on this point is for Mr. Young alone.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: April 2, 2026

Frank W. Volk
Chief United States District Judge

6